IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 CR 86-2 |
| ) | |
| JOHN BOYLE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Jeffery Boyle, defendant John Boyle's brother, filed a petition asserting a claim to certain real property that is the subject of a forfeiture order entered by this court in this case. Before the court is Jeffery Boyle's "Third Party Petitioner's Petition to Assert Interest in Property" [123] and the United States of America's "Motion to Strike the Jeffrey Boyle Claim" [170]. Because Jeffery Boyle has failed to establish a legal or *in rem* interest in the forfeit assets, the government's motion is granted and Jeffery Boyle's petition is stricken.

BACKGROUND

On January 27, 2005, John Boyle was indicted and charged with mail fraud, among other offenses, in violation of 18 U.S.C. § 1341. (Jan. 27, 2005 Indictment, Dkt. No. 15.) The indictment also sought forfeiture to the United States of certain of John Boyle's property under 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c). (*Id.*) On April 5, 2005, John Boyle entered a blind plea of guilty to two counts of the indictment, including the mail fraud count, which made certain of his property subject to forfeiture. (*See* Apr. 5, 2005 Order, Dkt. No. 50.)

On May 26, 2005, an Agreed Protective Order was entered by the court relating to the proceeds from the sale of certain real property. (May 26, 2005 Order, Dkt No. 78.) Pursuant to

the order, the United States Marshals Service secured in escrow the proceeds from the sale of real properties known as 6935 North Wildwood, Chicago, Illinois (the "Wildwood property"), and 410 South Prospect, Park Ridge, Illinois (the "Prospect property"). (*Id.*)

During his sentencing hearing on August 12, 2005, John Boyle was found liable for $200,000, and the court entered a "Preliminary Order of Forfeiture" in which all right, title, and interest John Boyle had in certain property was forfeited to the United States. (Aug. 12, 2005 Order, Dkt. No. 85, ¶ 5.) According to the order, if the government was unable to obtain from John Boyle the $200,000 assessed against him at sentencing, the government could obtain an order of forfeiture against property belonging to John Boyle. (*Id.* ¶ 6.) On November 8, 2005, the court entered an "Order as to Certain Substitute Assets," forfeiting to the government all rights, title, and interest of the defendant John Boyle in the Wildwood and Prospect properties as well as the real property known as 2100 North Mason, Chicago, Illinois (the "Mason property"). (Nov. 8, 2005 Order, Dkt. No. 122.)

On December 7, 2005, Jeffery Boyle, defendant John Boyle's brother, filed a petition asserting his claim to the Wildwood, Prospect, and Mason properties. (3d Third Party Pet'r Pet. to Assert Interest in Property, Dkt. No. 123.) In his petition, Jeffery Boyle asserted that he supplied funds to purchase the Wildwood, Prospect, and Mason properties from a line of credit taken against his residence (a property not at issue here). (*Id.* ¶ 11.) He obtained the line of credit from Chicago Community Bank. (*Id.*) According to Jeffery Boyle, he is currently indebted to Chicago Community Bank for $378,547 as a result of the use of his funds to purchase the Wildwood, Prospect, and Mason properties. (*Id.* ¶ 13.) Jeffery Boyle also asserted

2

in his petition that he and Anthony Lococo[1] "have an agreement to equally share the profits from the sale" of the Wildwood, Prospect, and Mason properties. (*Id.* ¶ 14.) Consequently, Jeffery Boyle contends, he has an interest in the Wildwood, Prospect, and Mason properties. (Id. ¶¶ 21-23.)

On December 19, 2008, the government filed a motion to strike Jeffery Boyle's claims to the Wildwood, Prospect, and Mason properties. (Gov't Mot. to Strike, Dkt. No. 170.) In its motion, the government argues that Jeffery Boyle has no claim to the Wildwood, Prospect, and Mason properties because Jeffery Boyle has "no apparent legal or *in rem* interest in the properties." (*Id.* ¶ 9.) In particular, the government contends that "[t]he records of the Cook County Recorder of Deeds, where the three properties are situated, show no recorded interest held by Jeffrey Boyle in the Wildwood, Prospect, or Mason properties." (*Id.*) The government also argues that "[u]nsecured creditors who cannot demonstrate a legal interest in the forfeit property lack standing to assert a claim in a forfeiture proceeding." (*Id.* ¶ 10.)

As explained fully below, Jeffery Boyle has no legal interest in the Wildwood, Prospect, or Mason properties. Consequently, Jeffrey Boyle's petition is stricken.

## ANALYSIS

In his petition, Jeffery Boyle maintains that he has an interest in the Wildwood, Prospect, and Mason properties because, he says, he supplied purchase money for the properties. Specifically, Boyle says he borrowed money against his home (a property not at issue here) to provide a down payment toward the purchase of the properties, and so he is an unsecured

---

[1] At the time the court entered its Order as to Certain Substitute Assets, Anthony Lococo was listed as a "record owner" of certain of the properties at issue in Jeffrey Boyle's petition. (*See* Nov. 8, 2005 Order ¶ 3.)

3

creditor who gave value for the properties. He also asserts generally that he has a superior interest over that of his brother, defendant John Boyle. Alternatively, Jeffery Boyle contends that he has a constructive trust in the properties because he and Anthony Lococo entered into a partnership in which they agreed to split the proceeds from the sale of the properties.

Under Section 853(n)(6), a third party claimant must make one of two showings, by a preponderance of the evidence, to successfully assert an interest in property that is subject to criminal forfeiture. 21 U.S.C. § 853(n)(6); *United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007). First, a third party may establish a claim to property subject to forfeiture by proving that he has a legal right, title, or interest in the property. 21 U.S.C. § 853(n)(6)(a). Second, a third party may establish a claim to property subject to forfeiture by showing that he is a bona fide purchaser, who had no knowledge that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(b).

Jeffery Boyle asserts that he has standing to make a claim to the Wildwood, Prospect, and Mason properties because his status as an unsecured creditor gave him a legal interest in the properties. Boyle relies on *United States v. Reckmeyer*, 836 F.2d 200, 207 (4th Cir. 1987), in which the court stated: "Congress intended to permit general creditors who give value to the forfeited estate in an arm's-length transaction to recover." Boyle then argues that "the Fourth Circuit has held that unsecured creditors who have given value for the property in an arms length transaction may recover the value conveyed." (3d Party Pet. at 8.) The *Reckmeyer* opinion, however, is not a majority view among the courts that have addressed the issue. A majority of jurisdictions have held that unsecured creditors who cannot demonstrate a legal interest in the forfeit property lack standing to assert a claim to the forfeit property. *See, e.g.*, *United States v.*

4

*Watkins*, 320 F.3d 1279, 1283 (11th Cir. 2003); *United States v. Ribadeneira*, 105 F.3d 833, 834-35 (2d Cir. 1997); *United States v. BCCI Holdings (Luxenbourg), S.A.*, 46 F.3d 1185, 1190-91 (D.C. Cir. 1995); *United States v. Schwimmer*, 968 F.2d 1570, 1582 (2d Cir. 1992); *United States v. Campos*, 859 F.2d 1233, 1236 (6th Cir. 1988).

Here, Jeffery Boyle has failed to establish that he has a legal interest in the Wildwood, Prospect, and Mason properties. Boyle has produced no evidence showing that he acquired title in the properties, took a mortgage on the properties, or placed a lien on the properties. Furthermore, he produced no documentation or other evidence establishing that he invested money in the Wildwood, Prospect, and Mason properties without obtaining a security interest in the properties. Documents produced by Jeffrey Boyle showing that he took an equity loan against his home from the Chicago Community Bank for the purported purpose of investing in the Wildwood, Prospect, and Mason properties do not establish that Boyle actually used the funds to supply purchase money toward the properties in question. Therefore, Jeffrey Boyle has failed to establish by a preponderance of the evidence either that he (1) has a legal interest in the properties, or (2) is an unsecured creditor who gave value for the properties in an arm's-length transaction.

As to Jeffery Boyle's argument that his interest in the forfeit properties is superior to the interest of his brother, defendant John Boyle, because Jeffrey Boyle produced no evidence showing that he acquired a legal interest in the Wildwood, Prospect, and Mason properties, he has also failed to establish that his interest in the properties is superior to that of defendant John Boyle.

Jeffery Boyle also asserts that he has a claim to the Wildwood, Prospect, and Mason

5

properties arising out of a partnership agreement between he and Anthony Lococo concerning the purchase of the properties. In particular, Boyle says that both he and Lococo supplied purchase money toward the acquisition of the Wildwood, Prospect, and Mason properties, and so Boyle is entitled to a constructive trust in the properties..

Under Illinois law, a constructive trust will be imposed only in "situations where there have been 'specific [acts] of wrongdoing . . . such as fraud, breach of fiduciary duty, duress, coercion or mistake.'" *Bressner v. Ambroziak*, 379 F.3d 478, 483-84 (7th Cir. 2004) (quoting *Suttles v. Vogel*, 533 N.E.2d 901 (Ill. 1988)). Here, although Jeffrey Boyle contends that his partnership with Lococo created a "fiduciary relationship," Boyle does not allege a breach of fiduciary duty by Lococo, which would be necessary to obtain the constructive trust remedy. Boyle also does not allege any wrongdoing, malfeasance, or fraud on Lococo's part. Boyle merely points to his alleged contribution of funds toward the purchase of the properties and asserts that the alleged contribution gives rise to a constructive trust. Because Jeffery Boyle has failed to identify conduct by Lococo that constitutes a breach of fiduciary duty or other wrongdoing, the grounds for a constructive trust in the properties has not been established.

Finally, in his response to the government's motion to strike [173], Jeffery Boyle asserts for the first time that he was a bona fide purchaser of the Wildwood, Prospect, and Mason properties. To establish bona fide purchaser status, Boyle is required to prove that he was "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(b); *United States v. Campos*, 859 F.2d 1233, 1235 (6th Cir. 1998). As discussed above, Boyle has produced no evidence that he took title or intended to take title to

6

any of the properties in question. In deed, Boyle asserts throughout his filings in this case that he supplied purchase money for the properties. Yet, he failed in this case to produce any evidence in support of that assertion. Thus, at most, Jeffery Boyle was an investor or an unsecured creditor in the Wildwood, Prospect, and Mason properties. As such, he does not qualify as a bona fide purchaser.

## CONCLUSION

Jeffery Boyle has failed to prove by a preponderance of the evidence a legal interest in the Wildwood, Prospect, or Mason properties. Accordingly, the government's motion to strike Jeffery Boyle's claim to the properties [170] is granted, and Jeffery Boyle's petition asserting an interest in the property [123] is stricken. Anthony Lococo's "Motion for Summary Judgement against the claim of Jeffery Boyle" [178] and supporting documents [179, 180] are terminated as moot.

ENTERED:

_____
James F. Holderman
Chief Judge

Dated: July 24, 2009